**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Geraldine A. Trice, | Case No.: 2:21-cv-0407-JAD-EJY |
| Plaintiff | |
| v. | **Order Dismissing Case** |
| United States Department of Justice, | |
| Defendant | |

On July 21, 2021, this court dismissed this action with leave file a complaint by August 20, 2021.  The plaintiff was advised in bold: "**If plaintiff does not file a proper complaint by August 20, 2021, this case will be dismissed and closed.**"[1]  Plaintiff filed no complaint or request to extend her deadline to file one.

The law permits a district court to dismiss an action based on a party's failure to comply with a court order.[2]  In determining whether to dismiss an action on this ground, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[3]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a

---

[1] ECF No. 14.

[2] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint).

[3] *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

presumption of injury arises from the occurrence of unreasonable delay in filing a pleading

ordered by the court or prosecuting an action.[4]   The fourth factor—the public policy favoring

disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the court to consider whether less drastic alternatives can be used

to correct the party's failure that brought about the court's need to consider dismissal.[5]   Courts

"need not exhaust every sanction short of dismissal before finally dismissing a case, but must

explore possible and meaningful alternatives."[6]   Because this action cannot proceed until and

unless plaintiff files a proper complaint, the only alternative is to enter a second order setting

another deadline.   But the reality of repeating an ignored order is that it often only delays the

inevitable and squanders finite resources along the away.   The circumstances here do not indicate

that this case will be an exception: there is no hint that the plaintiff needs additional time nor

evidence that she did not receive the court's order.   Setting another deadline is not a meaningful

alternative given these circumstances.   So the fifth factor favors dismissal.

Having thoroughly weighed these dismissal factors, I find that they weigh in favor of

dismissal.   IT IS THEREFORE ORDERED that **THIS ACTION IS DISMISSED** for failure to

file a complaint by the court-ordered deadline, leaving no claims pending**.**   The Clerk of Court is

---

[4] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[5] *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of last drastic alternatives prior to disobedience of the court's order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

[6] *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

directed to **ENTER JUDGMENT** accordingly and **CLOSE THIS CASE**.  **No other**

**documents may be filed in this now-closed case.**

Dated: March 23, 2022

_____

U.S. District Judge Jennifer A. Dorsey